UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case Nos. 8:20-cv-00671-JLS-KES  Date: June 01, 2020
Titles: Joseph Banuelos v. Wells Fargo Bank, National Association et al.

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Terry Guerrero | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:   ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                                          Not Present

**PROCEEDINGS:   (IN CHAMBERS)  ORDER TO SHOW CAUSE RE FRAUDULENT JOINDER**

Plaintiff Joseph Banuelos filed this action in Orange County Superior Court on February 5, 2020.  (Compl., Ex. A to Notice of Removal, Doc. 1.)  On April 6, 2020, Defendant Wells Fargo Bank, N.A. ("Wells Fargo") removed the case to this Court, asserting diversity jurisdiction.  (Notice of Removal, Doc. 1 at 1.)  Although both Plaintiff and Defendant Quality Loan Service Corporation ("Quality Loan") are California citizens, Wells Fargo contends that complete diversity exists because Quality Loan should be disregarded as a fraudulently joined party.  (*See id.* at 3–7.)

A "district court ha[s] a duty to establish subject matter jurisdiction over [a] removed action *sua sponte*, whether the parties raise[] the issue or not."  *United Inv'rs Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004).  Here, the Court lacks subject matter jurisdiction over the action unless Quality Loan was indeed fraudulently joined.  But "[t]here is a 'general presumption against fraudulent joinder' and the defendant's burden of demonstrating that a joinder is fraudulent is a 'heavy' one."  *Dejillo v. Wells Fargo Bank, N.A.*, No. 5:15-CV-03080-RMW, 2015 WL 5187344, at *2 (N.D. Cal. Sept. 4, 2015) (quoting *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009)).  Indeed, "[j]oinder is fraudulent only when it is 'obvious according to the settled rules of the state that [a plaintiff] has failed to state a claim against [a joined defendant].'"  *Salgado-Lopez v. Ford Motor Co.*, No. 19-CV-03628-LHK, 2020 WL 564248, at *3 (N.D. Cal. Feb. 5, 2020) (second and third alterations in original) (quoting *Hunter*, 582 F.3d at 1046).  "[I]f there is a *possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case Nos. 8:20-cv-00671-JLS-KES | Date:  June 01, 2020 |
| Titles: Joseph Banuelos v. Wells Fargo Bank, National Association et al. | |

must find that the joinder was proper and remand the case to the state court." *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018).

To determine whether such possibility exists here, Plaintiff is ORDERED to respond to Wells Fargo's arguments and legal authority on the fraudulent joinder issue as set forth in the Notice of Removal **within fourteen (14) days of the date of this Order**. Wells Fargo may then file a reply **within seven (7) days of the date of Plaintiff's response**, at which time the Court will take the matter under submission. Plaintiff's response may not exceed seven (7) pages and Wells Fargo's reply may not exceed five (5) pages.

Initials of Preparer:  tg